UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CASSANDRA J. BRUCE,

    Petitioner,                               Case No. 2:06-CV-13615

v.

SUSAN DAVIS,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S
"MOTION TO STAY HABEAS PROCEEDING"**

Petitioner Cassandra J. Bruce, presently confined at the Huron Valley Complex for Women in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges her armed robbery conviction. Pending before the court is her motion to stay the proceedings so she can return to state court to exhaust additional claims not included in her petition. For the reasons stated below, Petitioner's motion will be denied.

**I. DISCUSSION**

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676

(E.D. Mich. 2002). A common circumstance calling for abating an unexhausted habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

In the present case, there are no exceptional or unusual circumstances present that would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts to exhaust additional claims. In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on May 30, 2006. *See People v. Bruce,* 714 N.W. 2d 327 (Mich. 2006). However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one-year limitations period, on August 28, 2006. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this court on July 18, 2006, before the

2

one- year statute of limitations had even commenced to run.[1]  Petitioner wishes to file a post-conviction motion for relief from judgment in the state courts to exhaust new claims.  28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner.  Because Petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).  The court declines to stay the proceedings pending exhaustion of Petitioner's new claims in the state courts, because there are less drastic courses of action that will protect Petitioner's interests.  *See Hill v. Mitchell*, 30 F. Supp. 2d 997, 1001 (S.D. Ohio 1998).  In this case, Petitioner could withdraw her current petition without prejudice to the bringing of another application for habeas corpus relief following the exhaustion of new claims in the state courts.  Alternatively, Petitioner could elect to go forward in this court with her current petition containing only the exhausted claim.  *See Healy v. DiPaolo*, 981 F. Supp. 705, 707 (D. Mass. 1997).

## II. CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Stay Habeas Proceeding" [Dkt #6] is DENIED.

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed her habeas petition on July 18, 2006, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

IT IS FURTHER ORDERED that Petitioner advise the court **within thirty days of the entry of this order** whether she wishes to voluntarily dismiss the current petition without prejudice to return to the state courts to exhaust additional claims or whether she wishes to proceed on the current habeas petition containing only the exhausted claim.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522